Dieter C. Dammeier SBN 188759
dietercdammeier@gmail.com
**DAMMEIER LAW FIRM**
9431 Haven Ave, Suite 232
Rancho Cucamonga, CA 91730
Telephone: (909) 240-9525
Facsimile:  (909) 912-1901

Attorneys for Plaintiff
SIOBHAN SANSONE

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SIOBHAN SANSONE,<br><br>                    Plaintiff,<br>    vs.<br><br>CITY OF SAN BERNARDINO and SAN BERNARDINO POLICE DEPARTMENT,<br><br>                    Defendants. | Case No.:<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR VIOLATIONS OF THE FAMILY AND MEDICAL LEAVE ACT** (29 USC § 2615 and 29 CFR § 825.220)<br><br>**REQUEST FOR JURY TRIAL** |

## JURISDICTION

1.      This Court is bestowed with subject matter jurisdiction pursuant to 28 USC § 1331 (Federal Question) and 1343 (a) (3), 28 USC § 1337, as the controversy arises under the "Constitution, laws or treatises of the United States."

## VENUE

2.      Venue is proper in the Central District of California, 28 USC 1391, in that the wrongs alleged, acts, events or omissions herein occurred within the County of San Bernardino, within the Central District.

## PARTIES

3. Plaintiff SIOBHAN SANSONE is an employee of the City of San Bernardino. Specifically, the Plaintiff is a police sergeant working within the San Bernardino Police Department.

4. Defendant City of San Bernardino ("City" or "Defendant") is a local government entity and political subdivision operating under the laws of the State of California. The San Bernardino Police Department is an operating Department within the City.

5. Defendants are an "employer" as defined in the FMLA within the meaning of 29 U.S.C. §2611(4).

## CLAIMS FOR RELIEF

6. Plaintiff has been employed in various capacities and ranks for the City of San Bernardino since April, 1993. Plaintiff began is and has been employed as a police sergeant since December 21, 2004.

## COUNT ONE
### Violations of FMLA (29 USC § 105)

7. Plaintiff's daughter has a medical condition, which required a significant amount of medical attention and caring. Specifically, between January, 2012 and September, 2014, Plaintiff's daughter had five separate surgeries related to her health condition.

8. Shortly before the most recent surgery, Plaintiff informed her supervisor, Lieutenant Daniel Gomez on September 5, 2014 that Plaintiff would need to take some more FMLA time off to care for her daughter during and after the surgery.

9. Within 6 days of informing Lieutenant Gomez of the needed FMLA leave, Plaintiff was called in by Lieutenant Gomez and verbally reprimanded for

being behind on some supervisory paperwork referred to as "blue teams." Since other supervisors were equally if not more behind on this paperwork than Plaintiff and were not being reprimanded, it was clear to Plaintiff that she was being treated differently because of her FMLA leave. Plaintiff then completed her outstanding paperwork to resolve the issue.

10. Plaintiff, while caring for her daughter, contacted the on duty supervisor, Lieutenant Tim Crocker on September 21, 2014 to request additional time off as her daughter was going to require further care following the latest surgery. Lieutenant Crocker, rather than approve the additional leave, as required by the FMLA, replied to the Plaintiff that he would forward her request to Lieutenant Gomez. Lieutenant Gomez failed to respond until September 27, 2014, only after Plaintiff emailed Lieutenant Gomez reiterating her request. His response was to the effect of; "we really need you here at work, but if it is one more week it would be allowed." Plaintiff understood this to be an effort to further discourage Plaintiff's request for any additional leave.

11. During Plaintiff's first week back after her FMLA leave, Lieutenant Gomez met with Plaintiff and gave her a written reprimand for the late filed "blue team" paperwork that he had verbally reprimanded her on the previous month. This was done even though the problem was resolved by that point and Plaintiff had completed the outstanding paperwork. Other supervisors during the same time as Plaintiff had as many, and some even more, late filed "blue team" reports but did not receive discipline as Plaintiff was given. Plaintiff was further troubled that given the practice at the Department, jumping to a written reprimand and singling her out was not the norm.

12. Later in October, 2014, Plaintiff came across a prior "blue team" report of hers that had an addendum done by Lieutenant Gomez factually contradicting Plaintiff's report, making it look as if Plaintiff was not competent. Plaintiff contacted the employee who was subject of the report and confirmed that

COMPLAINT FOR DAMAGES

3

her version was correct.  This was concerning to Plaintiff because it was only happenstance that she saw this addendum by Lieutenant Gomez tarnishing her work product.  Plaintiff brought this to the attention of a fellow supervisor and was told words to the effect, "Well of course this was done on purpose, don't you realize what's going on?  All the sergeants were talking about it. . . how administration is going to pass you over for promotion because all the time you take off with your family."

       13.    After a competitive testing process, Plaintiff was ranked number five on the Lieutenant's Promotional List.  The four sergeants that ranked one through four were thereafter promoted, leaving Plaintiff number one on the list by September, 2014.  Plaintiff was informed by Lieutenant Crocker on December 21, 2014 that she would be passed over for the promotion and the next candidate on the list would receive the promotion.  On January 6, 2014, the next ranked candidate was "certified" to the rank of Lieutenant.  Being "certified" is a temporary promotion, usually done for the person that will receive the permanent promotion.  When "certified" the rank, responsibilities and compensation is increased in the same manner as a permanent promotion.

       14.    On February 3, 2015, Plaintiff was informed by Captain Paul Williams Plaintiff would be passed over and that the next ranking candidate on the list who was already working in the "certified" promotion would receive the permanent promotion.

       14.    Since passing someone over on a promotional list is rare, Plaintiff met with the Chief of Police to inquire.  Police Chief Jarrod Burguan met with Plaintiff on February 5, 2015.  Chief Burguan indicated the other candidate selected was a strong candidate.  He further went on and discussed the late "blue team" reports, indicating that it was important that tasks are done on time.  In further elaborating on this point, he said words to the effect that "absenteeism is a problem."  The Chief said he understood the reasons for it, but he needs people that are

"dependable and available." It became clear to Plaintiff that her use of FMLA Leave, in the Police Chief's eyes, ended her chances at promotion.

15. In doing the things alleged herein, Defendant interfered with Plaintiff's exercising of her rights under the FMLA in violation 29 USC § 2515 and 29 CFR § 825.220.

16. In doing the things alleged herein, Defendant discouraged Plaintiff from exercising his rights under the FMLA, in violation of 29 USC § 2615 and 29 CFR § 825.220.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests from the Court the following relief:

As to Count One;

(a). Judgment entered against the Defendants awarding Plaintiff monetary damages for lost compensation and an equal amount of liquidated damages;

(b) An injunction prohibiting Defendant from discriminating for, interfering, or discouraging Plaintiff from exercising her rights under the FMLA;

(c) An injunction ordering Defendants promote Plaintiff to a permanent position of lieutenant;

(c) Reasonable attorney's fees; and

(d) The costs incurred by Plaintiff in this action; and

(e) Further relief as the Court deems proper.

Dated: May 22, 2015                     Respectfully submitted,

                                                     DAMMEIER LAW FIRM

                                                     s/Dieter C. Dammeier
                                                     Dieter C. Dammeier
                                                     *Attorney for Plaintiff*
                                                     SIOBHAN SANSONE

**REQUEST FOR JURY TRIAL**

Plaintiff hereby demands a jury trial under F.R. Civ. P., Rule 38 and C.D. Cal. Rule 3.4.10.1.

Dated:  May 22, 2015                    DAMMEIER LAW FIRM

                                                 s/Dieter C. Dammeier
                                                 Dieter C. Dammeier,
                                                 *Attorney for Plaintiff*,
                                                 SIOBHAN SANSONE